IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARGARITO SAUCEDO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 13-3381 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending is Petitioner Margarito Saucedo's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.

As directed, the Government filed a Response and the Petitioner has filed a Reply and supplement.

An evidentiary hearing is not warranted.

I.

On February 9, 2010, the Petitioner was charged in an indictment with conspiracy to possess with the intent to distribute and to distribute 5 or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1),

841(b)(1)(A). See United States v. Saucedo, Case Number 10-30010. On July 28, 2010, the Government filed notice of the Petitioner's prior felony drug conviction, which made him eligible for the statutory mandatory minimum sentence of 240 months of imprisonment.

On October 10, 2010, the Petitioner filed a motion to suppress evidence. The motion was denied following an evidentiary hearing. On February 18, 2011, following a jury trial, the Petitioner was convicted of the offense charged in the indictment.

On June 20, 2011, the Court sentenced the Petitioner to a statutory minimum term of 240 months, followed by ten years of supervised release. On August 6, 2012, the Seventh Circuit affirmed the Petitioner's conviction and the denial of his motion to suppress.

On November 13, 2013, the Petitioner filed the instant motion under § 2255.

II.

The Petitioner alleges he received ineffective assistance of counsel which resulted in prejudice and violated his rights under the Sixth

Amendment.  The Petitioner was represented at the preliminary hearing and arraignment by Attorney Sari B. Fiscus.  He was represented at trial and sentencing by Attorney Jon Gray Noll.

The Petitioner alleges counsel failed to: (1) conduct a prompt and reasonable factual and legal investigation; (2) fully apprise the Petitioner of the relevant law and its application to the facts and potential options and consequences; (3) pursue a cooperation agreement strategy; (4) provide meaningful assistance to help the Petitioner obtain a cooperation agreement and reduced sentence; (5) review the Presentence Investigation Report with the Petitioner; (6) explain the effect of the Government filing a notice of prior conviction; and (7) seek to remedy the prejudice counsel caused the Petitioner due to this deficient performance.

The Petitioner contends that were it not for counsel's deficient performance, there is a reasonable probability the outcome of the criminal process would have been different.  Specifically, the case might have been resolved by a plea to a lesser charge and/or a sentence of less prison time based on a cooperation agreement that could have been negotiated with

effective legal representation.

## III.

A petitioner asserting an ineffective assistance of counsel claim must show that counsel's performance was objectively deficient and this lack of competent representation resulted in prejudice. See United States v. Jones, 635 F.3d 909, 915 (7th Cir. 2011) (citing Strickland v. Washington, 466 U.S. 668, 687-96 (1993)). To show prejudice, the petitioner must show there is a reasonable probability that but for counsel's mistakes below, the result of the proceedings would have been different. See id. The Court's review is highly deferential to the extent there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Vinyard v. United States, 804 F.3d 1218, 1225 (7th Cir. 2015) (quoting Strickland, 466 U.S. at 869).

An evidentiary hearing on a § 2255 motion is not required. See Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." Id. (citations omitted).

The Petitioner here relies solely on his own unsupported assertions. As the Government alleges, moreover, even assuming that the Petitioner's attorneys acted unreasonably in any way, the Petitioner cannot establish prejudice. The Petitioner has pointed to nothing in the record tending to show that there was a plea offer from the Government or that the Government would have recommended a sentence below the statutory minimum 240-month sentence that was imposed. Accordingly, all of the grounds raised in his § 2255 motion fail because the Petitioner is unable to show that the result of the proceeding (namely, his sentence) would have been different without any unprofessional errors of counsel.

In a reply, the Petitioner raises for the first time issues regarding the traffic stop, his consent to search and his post-arrest statements. The Petitioner's truck was stopped because of an expired paper registration plate. He provided consent to search even before the officer asked for it. As the Seventh Circuit observed in the direct appeal, the Petitioner's consent was given without any express limitation. See United States v. Saucedo, 688 F.3d 863, 866 (7th Cir. 2012).

The Court concludes that the Petitioner's argument regarding evidence admitted pursuant to Rule 404(b) of the Federal Rules of Criminal Procedure is without merit. The Petitioner relies on cases outside the Seventh Circuit in asserting that "other acts" evidence should not have been admitted. Even assuming that certain evidence should not have been admitted, the Petitioner cannot establish prejudice because he is unable to show the result would have been different.

The Petitioner has not shown that counsel's performance fell below an objective standard of reasonableness. Moreover, the Petitioner has not shown that he was prejudiced by any decision.

Based on the foregoing, the Petitioner is not entitled to any relief under § 2255.

An appeal may be taken if the Court issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A). Because the Petitioner has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255

Proceedings.

Ergo, the Motion under 28 U.S.C. § 2255 of Margarito Saucedo to Vacate, Set Aside or Correct Sentence [d/e 1] is DENIED.

The Court declines to issue a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings.

The Clerk will terminate any pending motions and close this case.

ENTER: June 3, 2016

    FOR THE COURT:

        s/Richard Mills
        Richard Mills
        United States District Judge